**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DEMOND DESHON SMITH,

               Petitioner,                Case Number: 2:17-CV-10992
                                                          HON. GEORGE CARAM STEEH

v.

J.A. TERRIS,

               Respondent.
_____/

**OPINION AND ORDER DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS**

**I. Introduction**

Petitioner Demond Deshon Smith, a federal inmate presently incarcerated at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges his federal sentencing enhancement under the Armed Career Criminal Act, and asks that his sentence be vacated.

Rule 4, Rules Governing Section 2254 cases, provides that the Court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief." If the Court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on

its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. After undertaking a Rule 4 review of the petition, the Court concludes that the claims asserted by Smith are not properly filed under § 2241.

## II. Procedural History

Smith pleaded guilty in this Court to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922 (g). *See United States v. Smith*, No. 2:12-cr-20103. On April 11, 2013, he was sentenced to 144 months in prison. (ECF No. 50). The Sixth Circuit dismissed Smith's appeal as untimely. (ECF No. 62). Smith filed a motion to vacate sentence under 28 U.S.C. § 2255, which the Court denied. (ECF No. 84). The Court also denied Smith's Motion to Amend/Correct under Rule 59(e). (ECF No. 87). The Sixth Circuit denied Smith's application for a certificate of appealability. (ECF No. 94). Over ten months after the district court denied Smith's § 2255 motion, Smith sought to amend his § 2255 motion to assert a claim based upon the Supreme Court's decision in *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243 (2016). The Court construed the request as a second request for relief under § 2255 and transferred the matter to the Sixth Circuit Court of Appeals for a determination whether to authorize the filing of a second § 2255 motion. (ECF No. 97). On March 13, 2017, the Sixth Circuit dismissed the request to file a second application for habeas relief for want of prosecution. (ECF No. 99).

One week after the Sixth Circuit dismissed the application for permission to file a second § 2255 motion, Smith filed the instant petition for a writ of habeas corpus under

2

28 U.S.C. § 2241. He raises the same claim raised in his request to file a second § 2255 motion, that the Supreme Court's decision in *Mathis* invalidates his sentencing enhancement. Petitioner asserts that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective and that he is actually innocent of the sentence enhancement.

### III. Discussion

Smith brings this action as a habeas petition under 28 U.S.C. § 2241. The proper avenue for relief on a federal prisoner's claim that his conviction and sentence were imposed in violation of the federal constitution or federal law is a motion to vacate or correct sentence under 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under section 2255 is inadequate or ineffective to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999). Habeas corpus is not an "additional, alternative, or supplemental remedy" to the motion to vacate, set aside, or correct the sentence. *Id.* at 758. Smith challenges the imposition of his sentence, and therefore his claims are properly filed pursuant to 28 U.S.C. § 2255, unless he can show that a motion under § 2255 is inadequate or ineffective.

The circumstances under which § 2255 might be deemed "inadequate" are narrow, as the "liberal allowance" of the writ under § 2241 would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by 28 U.S.C. § 2244. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). The petitioner bears the burden of

3

showing that a § 2255 remedy is inadequate. *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Smith sought permission to file a second § 2255 motion raising the same claim raised in the instant petition. The Sixth Circuit notified Smith that his application was defective for failing to satisfy the requirements of Sixth Circuit Rule 22, and allowed him 30 days to correct the error. When Smith failed to correct the deficiency, the action was dismissed. *In re: Demond Deshon Smith*, No. 17-1121 (6th Cir. March 13, 2017). Smith's lack of success in gaining authorization to file a second § 2255 motion, does not render the remedy under § 2255 inadequate or ineffective. *Charles*, 180 F.3d at 756. The Court, therefore, will dismiss the petition.

### IV. Conclusion

The Court concludes that it plainly appears from the face of the petition that Petitioner is not entitled to habeas corpus relief pursuant to 28 U.S.C. § 2241, because the petition is not properly filed under § 2241. Accordingly, the Court **DISMISSES** the petition for a writ of habeas corpus.

Dated: May 16, 2017

                                              s/George Caram Steeh  
                                              GEORGE CARAM STEEH  
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon Demond Smith 46678-039,
FCI Milan, P.O. Box 1000, Milan, MI 48160 on
May 16, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk